**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:13-cv-673-FDW**

| | |
|---|---|
| **DEREK WEST WARD,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>) **ORDER**<br>**STATE OF NORTH CAROLINA,** )<br>)<br>Respondent. )<br>) | |

**THIS MATTER** is before the Court on an initial review of the petition for a writ of habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2254. For the reasons that follow, this action will be dismissed.

According to the § 2254 petition, the Petitioner was charged on May 25, 2010, with first degree murder and first degree rape and held without bond. Petitioner contends that he has been subjected to numerous evaluations to determine his competency to stand trial and it appears that he is currently housed at the Central Prison in Raleigh, North Carolina. This case was filed in the Eastern District and transferred to this district because Petitioner's criminal charges were filed in Mecklenburg County. (Doc. No. 1-1). Petitioner avers that he filed a petition for a writ of habeas corpus in the Mecklenburg County Superior Court on July 30, 2013, in an effort to contest his continued detention. Petitioner indicates that he was denied relief by the superior court and that he has appealed this order to the highest state court in North Carolina. (Doc. No. 1 at 3, 18). However, Petitioner provides no information regarding the disposition of any such appeal.

Rule 4 of the Rules Governing Section 2254 Habeas Proceedings commands district courts to examine a habeas petition and when it appears plain from a review of the petition and

1

any attached exhibits that the petitioner is not entitled to relief, the court must dismiss the petition and instruct the clerk to notify the petitioner. Rule 4, 28 U.S.C.A. foll. § 2254. After reviewing the record, the Court finds that no response is necessary from the State of North Carolina.

The laws governing § 2254 proceedings provides in relevant part that that the Court may not grant an application for a writ of habeas corpus by a prisoner in State custody unless it appears that that the prisoner has exhausted the remedies available in the State courts; or that there appears to be an absence of an available State corrective process; or there are circumstances rendering a State corrective process ineffective to protect the prisoner's rights. See 28 U.S.C. § 2254(b).

The Court finds that Petitioner has failed to demonstrate that he is presently entitled to bring this § 2254 petition because there is no evidence that he has obtained a ruling from the North Carolina Court of Appeals regarding the denial of his state habeas petition. Accordingly, on this record it appears that Petitioner has failed to exhaust his available State remedies and this Court will therefore dismiss this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. The petition for habeas corpus is **DISMISSED** without prejudice to Petitioner's ability to file a Section 2254 petition following exhaustion of State remedies. (Doc. No. 1).

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c),

a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: December 13, 2013

Frank D. Whitney
Chief United States District Judge